JAMES SUN PARK, #015232
Park Law Office, PLC
101 N. 1st Avenue., Suite 950
Phoenix, Arizona 85003
Telephone (602) 462-5700
sun@parklaw.us

Attorney for Defendant Schmidt

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | NO. CR 18-08131-PCT-SPL (MHB) |
|---|---|
| Plaintiff, | **DEFENDANT'S OBJECTIONS TO THE DRAFT PRESENTENCE REPORT** |
| vs. | |
| Jerrod Hunter Schmidt, | **(Oral Arguments Requested)** |
| Defendant. | |

Defendant Schmidt objects to the guideline calculations, criminal history point, and factual statements in the presentence report.

**A.  *Guideline Calculation Objections***

In paragraphs 17 and 23, the presentence writer determined a 2-level enhancement was warranted based upon three threatening communications. Defendant was charged and convicted of making two threats. Defendant made total of four calls in the early hours of April 10, 2018. All of the calls were made within minutes apart and were left on the Nebraska Supreme Court's voicemail system. These calls are essentially a continuation of one call due to

the timing out by the voicemail system and should be treated as such. *Contra United States v. Frazer*, 391 F.3d 866, 870-71 (7th Cir. 2004).

In *Frazer*, the defendant made a total of three phone calls. *Frazer*, 391 F. 3d at 867. During the 2nd call, defendant hung up the phone and then called back immediately. *Id.* The Seventh Circuit Court of Appeals determined that the 2nd and 3rd call should be treated as separate threats. In this case, there is no indication that defendant hung up between the calls, the voicemail system stopped recording the calls after a certain period of time elapses (approximately 2 minutes). If the voicemail system had a longer recording capacity, all of the calls made on the 10th of April would have been lumped into one single long call.

In fact, the government's theory at trial was that the two messages left with the Nebraska Supreme Court in the early hours of April 10, 2018 constituted one threat.[1] The calls were made minutes apart. The government treated the two calls as one threat for trial purposes. *See* Exhibit A, Excerpts of trial transcripts, pp. 285-286 (ll 13-19). Moreover, both of the calls were introduced as part of the essential element of the case, not as part of 404(b) evidence. The government should not be allowed to take one position for trial

---

[1] The third call that was charged was made the following day. Defendant had made numerous phone calls on the 11th of April. However, all but one was essentially a rambling by the defendant.

and take essentially a different position for sentencing to obtain the 2-level enhancement.  *See Zedner v. United States*, 547 U.S. 489, 504 (2006) (citing *Davis v. Wakelee*, 156 U.S. 680, 698 (1895).

If the Court sustains the defendant's objections, ¶¶ 21, 27, 28, 29, 31, and 34 should be reduced by 2-levels.

**B.  Factual Statements**

¶ 48—defendant lives in a camper trailer, not a motor home.  Defendant does not own the trailer and it belongs to a family member.

¶ 55—defendant denies use of marijuana and methamphetamines.

¶ 56—defendant has an associates of arts degree in veterinary assistant.

¶ 58—defendant still owes money on the Suburban and the 2006 camper does not belong to him.

It is expected that excludable delay under Title 18 U.S.C. § 3161(h) will occur as a result of this motion or from an order based

Respectfully submitted this 4th day of December, 2018.

                                              Park Law Office, PLC

                                              *s/ James S. Park*
                                              James Sun Park
                                              Attorney for Defendant

1
2       I hereby certify that on the 4th day of December, 2018, I electronically transmitted the attached document to the clerk's office using the CM/ECF
3   system. A copy was emailed to the chambers of the Honorable Steven P. Logan.
4
5
6   by *J.S. Park*
    James Park
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28