JAMES SUN PARK, #015232
Park Law Office, PLC
101 N. 1st Avenue., Suite 950
Phoenix, Arizona 85003
Telephone (602) 462-5700
sun@parklaw.us

Attorney for Defendant Schmidt

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | NO. CR 18-08131-PCT-SPL (MHB) |
|---|---|
| Plaintiff, | **DEFENDANT SCHMIDT'S SENTENCING MEMORANDUM** |
| vs. | |
| Jerrod Hunter Schmidt, | **(Oral Arguments Requested)** |
| Defendant. | |

One consensus that can be reached about Mr. Schmidt from those who have interacted with Mr. Schmidt is that he has mental health issues. Although he was found competent to stand trial, there are obvious signs that his mental health problems cloud his judgment. PSR ¶¶ 52-54. Life cannot be easy having to go through with this condition.

Even his incarceration during the pendency of this case has not been easy. Because of his past, he is in protective custody. Even being in protective custody unit does not guarantee his safety. Recently, he was attacked by several inmates while in protective custody and he suffered several injuries. He

suffered a broken nose. He also suffered a fracture under his left eye.[1] Unfortunately, the risk of potential for violence against him by other inmates will be with him as long as he is incarcerated. Although all inmates are at risk of violence from other inmates,[2] the risk of violence against Mr. Schmidt is much more significant than other inmates in general population due to: 1) his past; 2) his personality as a result of his mental health issues. The threat of violence against Mr. Schmidt is real and actual.

If Mr. Schmidt did not have the mental health issues, sentencing Mr. Schmidt within the guideline range probably would be harsher than necessary, but would probably be still reasonable. If Mr. Schmidt had taken steps to follow through on the threats, sentencing Mr. Schmidt within the guidelines would be reasonable. Neither of the scenarios are present in this case and sentencing of Mr. Schmidt within the guidelines would result in unnecessarily harsh sentence. Instead, the Court should exercise its discretion and sentence Mr. Schmidt to a

---

[1] Mr. Schmidt does not know which bone is fractured, but the wound is right under his left eye and as of December 4, 2018, he still had bruising under the eye.

[2] *See* Attached Exhibit A, inmate on inmate assaults (serious and less serious) statistics from Bureau of Prisons. Even if the rate of assault is low, the probability of being a victim of assault increases over time. For example, if the probability of being a victim of assault is 1% in any given month, the probability of being a victim of assault over a 12 month would be $1-(.99)^{12}$ or 11.5% assuming prison conditions remain the same.

below guideline sentence that the Court feels is reasonable and appropriate under the Sentencing Reform Act.

It is expected that excludable delay under Title 18 U.S.C. § 3161(h) will occur as a result of this motion or from an order based

Respectfully submitted this 6th day of December, 2018.

                                          Park Law Office, PLC

                                          *s/ James S. Park*
                                          James Sun Park
                                          Attorney for Defendant

I hereby certify that on the 6th day of December, 2018, I electronically transmitted the attached document to the clerk's office using the CM/ECF system. A copy was emailed to the chambers of the Honorable Steven P. Logan.

by *J.S. Park*
James Park

- 3 -